# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21-252 |
| JUAN ZAZUETA CASTRO | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I.  BACKGROUND

The defendant, Juan Zazueta Castro, was charged by indictment with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (Count One); distribution of 5 grams or more of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Count Two); and distribution of 50 grams or more of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2 (Count Three).  On May 13, 2022, pursuant to a written guilty plea agreement, Zazueta Castro entered a guilty plea to a lesser included offense of Counts One.  Pursuant to the plea agreement, the government agreed to dismiss Counts Two and Three of the indictment as to this defendant.  The charge to which the defendant plead guilty arose out of the defendant's involvement in directing, controlling, and organizing the distribution of methamphetamine from on or about October 30, 2017 to on or about January 30, 2018, while the defendant was incarcerated.

Zazueta Castro is scheduled to be sentenced on November 16, 2022.  The Probation Office calculated the defendant's total advisory sentencing guideline range to be 135 to 168 months' imprisonment based on an offense level of 31 and a criminal history category of III. However, the government and the defendant entered into a guilty plea agreement in this case

pursuant to Rule 11(c)(1)(C) wherein the parties agreed that the appropriate sentence in this case, considering all of the circumstances, is a sentence within the range of 87 to 108 months' imprisonment and a 5-year period of supervised release. *See* Guilty Plea Agreement paragraph 5. The parties also stipulated that at least 500 grams but less than 1.5 kilograms of methamphetamine was distributed in furtherance of the criminal activity jointly undertaken by the defendant and his coconspirators. *See* Guilty Plea Agreement paragraph 12c. The government did not include a two-point enhancement pursuant to USSG § 3B1.1(c), thus, according to the government's calculations, the defendant's base offense level is 30, *See* USSG § 2D1.1(c)(5), and his offense level is III. Because the defendant has demonstrated acceptance of responsibility and assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intent to enter a guilty plea, he receives a three-point downward adjustment in his offense level. *See* USSG § 3E1.1(b) and (b). This results in a final offense level of 27. With an offense level of 27 and a criminal history category of III, his resulting sentencing guidelines range under the plea agreement is 87-108 months' imprisonment. The government stands by the stipulation regarding quantity and its agreement with the defendant that a sentence within the recommended range of 87 to 108 months' imprisonment is the appropriate disposition of this case.

**II.     SENTENCING CALCULATION**

    **A.     Statutory Maximum and Mandatory Minimum Sentence**

The total statutory maximum and mandatory minimum sentence the defendant faces is 40 years' imprisonment, 5 years mandatory minimum imprisonment, a mandatory minimum 5 years of supervised release up to lifetime supervised release, a $5,000,000 fine, and a $100 special assessment. The defendant also faces deportation as a result of his conviction in this case.

B.     **Sentencing Guidelines Calculation**

According to the government's calculations, Zazueta Castro has a total offense level of 27 and a criminal history category of III. This results in an advisory sentencing guidelines range of 87 to 108 months' imprisonment. The agreed upon sentencing range is squarely within the advisory sentencing guidelines range.

## III.     ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that this Court should accept the sentencing range recommended by the parties of 87 to 108 months' imprisonment, and sentence the defendant to a term of imprisonment within this range.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

**Consideration Of The 3553(A) Factors**

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

The defendant engaged in serious criminal activity after having been convicted in federal court for similar criminal offenses. In fact, the defendant was incarcerated and still serving a sentence for drug trafficking while he committed the criminal offenses charged in this case. The evidence developed during the investigation clearly demonstrates that Zazueta Castro engaged in brazen criminal conduct. He along with at least two other individuals distributed large quantities of methamphetamine. This conduct had the potential of placing the lives of countless people in jeopardy considering the addictive nature of methamphetamine and the violence that is associated with drug trafficking.

Zazueta Castro is 43 years old and has one prior conviction for a drug trafficking offense in 2006 for which he received a sentence of 228 months' imprisonment. As mentioned, he committed the instant offense while serving this sentence.

Having engaged in serious offenses and considering his criminal history, there is no

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

question that a significant jail sentence is warranted in this case.

**(2)** **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

The offense to which the defendant plead guilty is serious. This Court is well aware of the damage and destruction caused by the trafficking in illegal narcotics. Not only do the illegal narcotics destroy lives and cause severe health problems for those who ingest them, but the collateral consequences are wide ranging and include violence that plagues our society and destroys entire communities. Zazueta Castro's actions in this case certainly had the potential to contribute to the pain and heartache suffered by many as a result of drug trafficking.

Zazueta Castro at the age of 43 is no stranger to the criminal system. Certainly his life was on the wrong path at the time he was convicted in the Southern District of California for drug trafficking in 2006. He has demonstrated through his actions that he was not deterred nor was he rehabilitated while in prison. He committed the instant offense while serving his 228 month sentence following his 2006 conviction for similar conduct. His actions in this case demonstrate that his criminal conduct continues to trend in the wrong direction. A sentence within the recommended range will reflect the seriousness of the offense and will still provide an opportunity for Zazueta Castro to rehabilitate himself. It will also hopefully guide him to make the right choices in the future. Over the next several years, Zazueta Castro will be subject to this Court's sentence, both while incarcerated and while on supervised release. If he chooses to remain on the same wrong path, the consequences will be much more sever in the future.

**(3)** **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

There is no doubt that the Court's sentence in this case must deter others like Zazueta Castro who would consider engaging in similar serious criminal conduct. Thus the need for

general deterrence is great. Also, Zazueta Castro must be deterred from considering engaging in criminal activity in the future. The Court's sentence in this case must serve as a reminder to Zazueta Castro that this is the end of the road for his criminal lifestyle. A sentence within the agreed upon range should be a clear reminder to Zazueta Castro that it is time to turn his life around and that there is no option other than obeying the laws of our society moving forward.

**(4)** **<u>The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>**

As reported in the PSR, Zazueta Castro left school in the sixth grade and never obtained a GED. From the age of eight, the defendant worked as an auto mechanic. He also worked for a recycling company recycling paper and plastic then moved into a position repairing equipment. It does not appear that Zazueta Castor has any specialized skills beyond what he learned repairing automobiles. Therefore it appears that could benefit from vocational training while incarcerated. This will enable him to better reintegrate into society upon his eventual release from prison.

The defendant does not have a history of drug abuse or mental health issues, so there is no need to include conditions requiring him to undergo any treatment while incarcerated and while on supervised release.

**(5)** **<u>The Guidelines and Policy Statements Issued by the Sentencing Commission</u>**

The Sentencing Guideline stand as another important consideration in this case, and the government recommends that the Court give substantial weight to the advisory Sentencing Guideline range as calculated by the government, in addition to the defendant's history and characteristics. Considering the Sentencing "Commission's recommendation of a sentencing range [that] will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007), (quoting *Rita v. United States*,

551 U.S. 338, 350 (2007)), the government submits that a sentence taking into consideration the advisory Sentencing Guideline range calculated by the government will be "sufficient, but not greater than necessary" to achieve § 3553(a)'s objectives. 18 U.S.C. § 3353(a)(2).

**(6)** **The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.**

This Section 3553(a) factor is primarily designed to ensure sentencing consistency among similarly situated defendants across the entire nation. *See United States v. Parker*, 462 F.3d 273 (3d Cir. 2006); *United States v. Carson*, 560 F.3d 566, 586 (6th Cir. 2009) ("Although it is true that § 3553(a)(6) requires a sentencing judge to consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,'" that "factor 'concerns national disparities between defendants with similar criminal histories convicted of similar criminal conduct – not disparities between codefendants.'"). A sentence within the advisory Sentencing Guideline range as calculated by the government here does not create an unwarranted sentencing disparity.

**IV.** **CONCLUSION**

Under all of the circumstances of this case, a sentence within the advisory Sentencing Guideline range as calculated by the government is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3353(a)(2). A sentence within this range is consistent with what the parties agreed is an appropriate disposition of this case. Such a sentence will "afford adequate deterrence . . . protect the public . . . and . . . provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.*

The government, therefore, respectfully urges the Court to impose a sentence that is sufficient but not greater than what is required to achieve all the goals of sentencing, taking into consideration the applicable Sentencing Guideline range as calculated by the government, the applicable 3553(a) factors, and any evidence offered by the parties at the time of sentencing.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*/s/ Salvatore L. Astolfi*
SALVATORE L. ASTOLFI
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by the district court clerk's electronic filing system upon:

Ubel Velez, Esquire

*/s/ Salvatore L. Astolfi*
SALVATORE L. ASTOLFI
Assistant United States Attorney

DATED: April 25, 2023